UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAKNEL LUIS GONZALEZ
GOVEA,

        Petitioner,

    v.                                                                  Case No.:  2:26-cv-00960-SPC-NPM

GARRETT RIPA *et al.*,

        Respondents,

                                /

## **OPINION AND ORDER**

Before the Court are Jaknel Luis Gonzalez Govea's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 10), and Gonzalez Govea's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Gonzalez Govea is a native and citizen of Venezuela who entered the United States without inspection on October 11, 2021.  He has no criminal record.  Immigration and Customs Enforcement arrested Gonzalez Govea on March 21, 2026, and issued a notice to appear two days later.  Gonzalez Govea is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

Gonzalez Govea claims he is entitled to a bond hearing as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by*

2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  The *Maldonado Bautista* court

defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32.  The court found the Department of Homeland

Security's policy of categorically denying bond hearings to the class members

unlawful, vacated the policy, and entered declaratory judgment in the class's

favor.  The respondents do not address *Maldonado Bautista* here, but they

have argued it does not have preclusive effect in cases with the same facts.  But

even without *Maldonado Bautista*, the Court finds Gonzalez Govea entitled to

habeas relief.

The core of the dispute before this Court is whether 8 U.S.C.

§ 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Gonzalez Govea.  The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a

bond hearing before an immigration judge.  Gonzalez Govea asks the Court to

order the respondents to either release him or provide a prompt individualized

bond hearing.

2

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Gonzalez Govea's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Gonzalez Govea has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees

The Court will thus order the respondents to either bring Gonzalez Govea before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Gonzalez Govea's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Gonzalez Govea to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Gonzalez Govea receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jaknel Luis Gonzalez Govea's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Gonzalez Govea for an individualized bond hearing before an immigration judge or (2) release Gonzalez Govea under reasonable conditions of supervision.  If the respondents release Gonzalez Govea, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties or Record